Tyler P. McLeod (CO Bar #39894)
United States Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, CO 80204
Ph. (303) 844-0936
Fax: (303) 844-1753
mcleod.tyler.p@dol.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD B. COGSWELL, JR., EDWARD B. COGSWELL, III, NATIONAL ASSOCIATION OF PREVAILING WAGE EMPLOYERS, COGSWELL BENEFITS, INC., NORTHWEST ADMINISTRATORS, INC., AMERICAN CONTRACTORS TRUST AND PLAN, <br><br> Defendants. | Civil Action No. 4:18-cv-00048BMM |

## CONSENT JUDGMENT AND ORDER

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendants Edward B. Cogswell, Jr., Edward B. Cogswell, III (together as the "Cogswells"), National Association of Prevailing Wage Employers ("NAPWE"), Cogswell Benefits, Inc. ("CBI"), Northwest Administrators, Inc. ("Northwest"), and American Contractors Trust and Plan ("Plan") (collectively "Defendants") pursuant to the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Defendants admit to the jurisdiction of this Court over them and over the subject matter of this action, and have agreed to the entry of judgment without contest.

It is therefore, upon motion and for good cause shown,

**ORDERED ADJUDGED AND DECREED** that:

1. Edward B. Cogswell, Jr. ("Cogswell, Jr."), at all times herein mentioned, was a named Trustee, Committee Member of the Plan, the President of the NAPWE Board of Directors, and an officer and shareholder of Northwest and CBI. He was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21) in that he had or exercised discretionary authority and responsibility with respect to Plan administration and Plan management and exercised actual control over Plan assets.

2. Edward B. Cogswell, III ("Cogswell, III"), at all times herein mentioned, was a named Trustee, Committee Member of the Plan, the Vice President of the NAPWE Board of Directors, and an officer and shareholder of Northwest and CBI. He was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21) in that he had or exercised discretionary authority and responsibility with respect to Plan administration and Plan management and exercised actual control over Plan assets.

3. NAPWE is an association of employers within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(3)(5) and the Plan Sponsor of the Plan. NAPWE's Board of Directors includes Cogswell, Jr. as president and Cogswell, III as vice president. The Board manages and controls NAPWE. NAPWE, in turn, appoints and monitors the Committee, which is the named fiduciary. As such, NAPWE at all relevant times has been a fiduciary and party in interest pursuant to ERISA Sections 3(21) and 3(14), 29 U.S.C. §§ 1002(21) and 1002(14) in that it had

or exercised discretionary authority and responsibility over Plan administration and management.

4.  CBI provided marketing services for the Plan, received payment for its services from the Plan, and was wholly-owned by the Cogswells. As such, CBI at all relevant times has been a party in interest pursuant to ERISA Section 3(14), 29 U.S.C. § 1002 (14).

5.  The Plan is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3) in that it provides supplemental unemployment benefits to employees of participating employers. The Plan was established by NAPWE, an association of employers engaged in commerce or in industries or activities affecting commerce, and is subject to Title I, including Title I, Part 4 of ERISA, pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

6.  The Secretary alleges that the Cogswells breached their fiduciary duties by causing the Plan to pay improper fees and commissions to CBI and Northwest, failing to prudently administer the Plan's benefit payments, and failing to collect and review Employer certified payroll reports as required by the Plan documents in violation of ERISA §§ 404(a)(1)(A), (B), and (D), 29 U.S.C. § 1104(a)(1)(A) (B), and (D).

7.  The Secretary alleges that the Cogswells engaged in prohibited transactions by causing the Plan to use CBI and Northwest to provide administrative services and authorizing and paying improper fees in violation of ERISA §§ 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C) and 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

8.  The Secretary alleges that the Cogswells engaged in prohibited self-dealing by using CBI and authorizing the Plan's fee payments remitted to CBI in violation of ERISA §§ 406(b)(1), 29 U.S.C. § 1106(b)(1) and 406(b)(2), 29 U.S.C. § 1106(b)(2).

9.  The Secretary alleges that as a result of their fiduciary breaches, prohibited

transactions, and prohibited self-dealing, the Cogswells caused the Plan to suffer financial losses for which they are jointly and severally liable pursuant to ERISA section 409(a), 29 U.S.C. § 1109(a).

10. To redress the ERISA violations and aforementioned Plan losses alleged by the Secretary and to avoid the time, expense, and risk of prolonging this action, Defendants have completed and agreed to complete the following restitutions and actions:

(a) On or before April 15, 2018, CBI, Cogswell, Jr., and Cogswell, III will pay $454,500 in restitution to the Plan which will be allocated by May 15, 2018 on a pro rata basis to the employees who had account balances in the Plan's Trust as of December 31, 2017 with notifications by U.S. Mail to be provided to the employees of the allocation on or before June 15, 2018;

(b) On or before May 15, 2018, an amount of $108,000, which is an unreconciled item in the Plan's Trust, will be allocated on a pro rata basis to the employees who had account balances in the Plan's Trust as of December 31, 2017 with notifications by U.S. Mail to be provided to the employees of the allocation on or before June 15, 2018;

(c) CBI, Cogswell, Jr., and Cogswell, III have begun and will continue to undertake termination activities as follows:

1. Terminated the Plan and Trust as of December 31, 2017;

2. Notified employers on or before December 15, 2017 of the termination of the Plan with employers allowed to make contributions with respect to payrolls through December 31, 2017;

3. Retain the accountant and recordkeeping firm of Anderson Zurmuehlen to continue to process benefit payments until July 31, 2018 (the "Runout Period");

4. Cause the Trust to retain assets through the end of the Runout Period allocated to (a) participants who had account balances as of December 31, 2017 and who have not yet separated from service ("Actives"); (b) participants who had voluntary separations from service or who were terminated for cause and are accordingly not entitled to benefits unless they become eligible for state unemployment benefits within the next 2 years ("Voluntary Terms"); and (c) participants who are entitled to benefits but cannot be located or have not cashed their benefit checks ("Missing Participants");

5. Utilize a formal locator service (Been Verified) and aggressive informal location methods such as Google and Facebook, and use their best efforts to minimize the number of Missing Participants at the end of the Runout Period;

6. Confirm that all expenses paid from the Trust (including but not limited to expenses paid to the accountant and recordkeeping firm of Anderson Zurmuehlen, expenses paid to Trustee First Interstate Bank, expenses paid for tax services) are reasonable, appropriate and otherwise consistent with ERISA;

7. At the end of the Runout Period and by October 31, 2018, any funds remaining in the Trust (whether due to Actives, Voluntary Terms or

Missing Participants) will be returned to each respective employer, with a written agreement that such employer will either (a) accept the funds in a form of transfer from the Trust to a new trust, from which the employer will maintain the Plan as a single employer plan; (b) apply the funds as a credit toward the portion of group medical premiums payable by then active employees of the employer, as a per capita amount, over a period of no less than six months; (c) establish health savings accounts (HSAs) for then active employees of the employer, as a per capita amount; or (d) make a discretionary employer contribution to a qualified retirement plan equal to the amount of the returned funds;

(d) Cogswell, Jr., Cogswell, III, and/or the Plan Administrator will file a final Form 5500 as part of the termination of the Plan;

(e) Cogswell, Jr. and Cogswell, III deposited a check in the Plan's Trust on October 20, 2017 in the amount of $8,378.99 to restore the Plan for an improper payment to Northwest;

(f) NAPWE and the Cogswells forwarded letters on August 15, 2017 to participating employers that the Plan began enforcing the requirement of the Plan document that a certified copy of each payroll report accompany each contribution and began receiving such payroll reports as part of the administration of benefits.

11. By June 15, 2018, Defendants shall provide to the Secretary, via first class mail, proof of such payments and allocations reference in Paragraphs 10(a) and 10(b). By November 15, 2018, Defendants shall provide the Secretary, via first class mail, copies of the letters

referenced in Paragraph 10(c)(7). Proof of payments, allocations, copies of letters, or other indicia of actual payment shall be mailed to **Attention: James J. Purcell, Regional Director, United States Department of Labor, Employee Benefits Security Administration, Ref. Case No. 60-106963, 2300 Main Street, Suite 1100, Kansas City, MO 64108.**

12. In the event of default by Defendants in the payment of any of the amount specified in paragraph 10(a) or 10(b) above, the total balance remaining unpaid shall then become due and payable and interest shall be assessed against such remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

13. To redress the fiduciary breaches that occasioned the aforementioned Plan losses alleged by the Secretary, it is further **ORDERED, ADJUDGED, AND DECREED** that:

    a. Cogswell, Jr., Cogswell, III, NAPWE, CBI, Northwest, and their agents, servants, employees and all persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating the Title I of ERISA;

    b. Cogswell, Jr., Cogswell, III, NAPWE, CBI, and Northwest are hereby permanently enjoined and restrained from acting as fiduciaries, trustees, agents or representatives in any capacity to any other ERISA-covered employee benefit plan with the exception of the subject Plan; and

14. Additionally, it is **ORDERED, ADJUDGED, AND DECREED** that:

    a. Whereas the Secretary, pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l), is required to assess a mandatory penalty on the amount of Defendants' restitution; and

    b. Whereas the Defendants waive the Secretary's notice of assessment and service requirement of 29 C.F.R. § 2570.83 and agree to pay the sum of $45,450 to the U.S.

Department of Labor;

        c.      Cogswell, Jr. and Cogswell, III shall pay the Section 502(l) penalty in the amount of $45,450 on or before April 15, 2018 by sending a certified or cashier's check to the U.S. Department of Labor, ERISA Civil Penalty Collections, ERISA Civil Penalty Collections, P.O. Box 71360, Philadelphia, PA 19176-1360.

15.    This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Cogswell, Jr., Cogswell, III, NAPWE, CBI, Northwest, and the Plan with the following exceptions:

        (a)     This Judgment does not affect or bind any governmental agency other than the United States Department of Labor; and

        (b)     This Court retains jurisdiction for purposes of enforcing compliance with the terms of this *Consent Judgment and Order*.

16.    Cogswell, Jr. and Cogswell, III, in their individual capacities and in their capacities as representatives of NAPWE, CBI, NAWPE, Northwest, and the Plan, acknowledge that they have had ample time to review this Consent Judgment and Order and have consulted legal counsel of their choosing to review and discuss the terms of the same before signing personally and in their representative capacities. The Cogswells represent that they have read and fully understand the terms and provisions of this Consent Judgment and Order and freely and voluntarily agree to the entry of the same on behalf of themselves and the organizations they represent.

17.    Each party shall bear its own cost and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

18. No Plan assets will be used to pay the attorneys fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

DATED THIS 13th DAY OF March, 2018.

*Brian Morris*
UNITED STATES DISTRICT JUDGE

**Entry of the foregoing Consent Judgment and Order is hereby consented to:**

**PLAINTIFF**

KATE O'SCANNLAIN
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA


/s/ Tyler P. McLeod
TYLER P. MCLEOD
Attorney



Dated: March 8, 2018


United States Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, CO 80204
Telephone: 303-844-1745
Fax: 303-844-1753
mcleod.tyler.p@dol.gov

Attorneys for Plaintiff

**DEFENDANTS**

_March 5, 2018_
EDWARD B. COGSWELL, JR.
Individually and on behalf of NAPWE,
Cogswell Benefits, Inc., Northwest
Administrators, Inc., and American
Contractors Trust and Plan

Dated: _Edward B Cogswell Jr._

_Edward B Cogswell III_
EDWARD B. COGSWELL, III
Individually and on behalf of NAPWE,
Cogswell Benefits, Inc., Northwest
Administrators, Inc., and American
Contractors Trust and Plan

Dated: _5 Mar 18_

**As to form:**

/s/Elizabeth A. Nedrow
ELIZABETH A. NEDROW
Attorney

Dated: March 7, 2018

Holland & Hart LLP
401 North 31st Street, Suite 1500
Billings, MT 59101-1277
Telephone: 406-252-2166
Facsimile: 406-252-1669
enedrow@hollandhart.com

Attorneys for Defendant Cogswell Benefits, Inc.